1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11    CARL E. NELSON,                                No. 2:21-cv-01372-MCE-JDP

12                    Plaintiff,

13         v.                                        **ORDER**

14    PHH MORTGAGE CORPORATION,
      successor by merger to Ocwen Loan
15    Servicing, LLC,

16                    Defendant.

17

18         Plaintiff Carl E. Nelson ("Plaintiff") seeks to recover from Defendant PHH

19   Mortgage Corporation ("Defendant") for injuries sustained when its predecessor Ocwen

20   Loan Servicing, LLC ("Ocwen") was the servicer of Plaintiff's mortgage.  Presently before

21   the Court is Defendant's Motion to Dismiss.  ECF No. 15.[1]

22         Plaintiff contends, among other things, that he was advised in 2013 that the loan

23   had been paid in full as part of a global regulatory settlement.  He then further alleges

24   that in 2016, Ocwen denied that any such discharge occurred and attempted to collect

25   on the loan, the balance of which had since been increased by penalties and interest

26   due to Plaintiff's purported non-payment.  Because there is no dispute that two- and

27   _____

28         [1] Because oral argument would not be of material assistance, the Court ordered this matter
     submitted on the briefs.  See E.D. Cal. Local R. 230(g).

three-year statues of limitations apply to all of Plaintiff's causes of action, this case, which was initiated on August 2, 2021, is untimely.  Indeed, according to the Complaint, by 2016, Plaintiff had both actual knowledge of the facts on which his current claims rested and had suffered damages, given that the substantial amounts Ocwen claimed were owing.[2]  Defendant's Motion is thus GRANTED without leave to amend.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.


DATED:  December 20, 2022


_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's contention that no cause of action accrued because no damages were incurred until the property was sold in 2020 is unpersuasive.  There is no dispute that Plaintiff took out a loan and admits he was obligated to pay it in full prior to being told by a customer service representative that his loan had been "zeroed out" due to a global settlement.  When it became clear to Plaintiff later that this information was erroneous, not only was he liable to pay the principal loan amount, but he had incurred fees and interest he otherwise would not have had to pay.

2